UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

RAPHAEL JACKSON,

                          Petitioner,                    22-CV-03357 (LGS)(SN)

        -against-                                         **ORDER**

MICHAEL CAPRA,

                        Respondent.
-----------------------------------------------------------------X

**SARAH NETBURN, United States Magistrate Judge:**

    Petitioner Raphael Jackson seeks a further stay and abeyance of his federal habeas petition to allow him to file a writ of error coram nobis. That application is DENIED without prejudice.

## BACKGROUND

    Petitioner was convicted after a jury trial of two counts of criminal possession of a weapon in the second degree. The Appellate Division affirmed his conviction on May 11, 2021, and the New York Court of Appeals denied leave to appeal on May 24, 2021. Thus, under the one-year statute of limitations, Petitioner had until October 21, 2022, to file a federal habeas petition. He filed his original petition on April 12, 2022. Petitioner raised six grounds in his original petition: (1) the trial court impermissibly usurped the role of the jury when it denied Petitioner's request for "the temporary lawful possession jury charge"; (2) the trial court violated state law when it failed to notify defense counsel of contents of a jury note; (3) the prosecutor engaged in misconduct throughout the trial; (4) the trial court impermissibly denied Petitioner's request for a missing witness charge; (5) the prosecutor's proof materially varied

from the prosecution's theory; and (6) the cumulative effect of these errors deprived Petitioner of a fair trial.

Two months after filing his petition, Petitioner filed his first request to stay his habeas petition so that he could exhaust his ineffective assistance of counsel claims through a CPL § 440.10 motion, then pending in state court. ECF No. 10. Respondent objected to the stay on the grounds that Petitioner had not demonstrated good cause (i) for failing to exhaust his claims in state court and (ii) that the claims were not plainly meritless. ECF No. 15. The Court granted the stay and directed Petitioner to notify the Court of a final decision on his § 440.10 motion. ECF No. 16.

On June 9, 2023, Petitioner filed an amended petition. ECF No. 23. That petition added two grounds for habeas relief: (7) ineffective assistance of trial counsel related to the failure to object to supplemental instructions in connection with various jury notes; and (8) ineffective assistance of trial counsel related to the failure to offer expert testimony on DNA evidence. Before Respondent's answer was due, Petitioner filed a second stay request because a motion for reargument was still pending. ECF No. 30. The Court granted that request and directed Petitioner to update the Court no later than October 2, 2023. ECF No. 31.

By letter dated September 12, 2023, Petitioner notified the Court that the Appellate Division denied his motion for reargument, and the Court of Appeals denied leave to appeal. ECF No. 34. In this letter, Petitioner notes that he has drafted a writ of error coram nobis, which he intends to file, challenging his appellate counsel's performance on the same grounds on which his motion for reargument were based; namely that the missing witness charge issue was preserved, and that appellate counsel was ineffective by failing to present those facts to the

Appellate Division. Petitioner requests that the Court continue the stay to allow Petitioner to exhaust his claims through a writ of error coram nobis.

## DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) provides that a writ of habeas corpus "shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). But it also imposes a one-year statute of limitations on the filing of federal petitions, § 2254(d), which is subject to tolling for any "properly filed application for State post-conviction or other collateral review," § 2244(d)(2). Thus, the AEDPA framework creates a tension between the need to promptly press your federal claims in federal court, and the interests in granting the state courts an opportunity first to correct any constitutional errors.

To address this tension, districts courts have discretion to stay a habeas petition to allow a petitioner to present his unexhausted claims to the state court in the first instance before pursuing relief in federal court. Rhines v. Weber, 544 U.S. 269, 276 (2005). A stay and abeyance of the federal claims should be granted, however, only where good cause exists for petitioner's failure to exhaust his claims in state court and the unexhausted claims are not plainly meritless. Id. at 277.

Petitioner seeks a stay and abeyance to pursue legal challenges – ineffective assistance of appellate counsel – that are not yet claims in his federal habeas petition. Thus, the Court cannot consider whether these "claims" are plainly meritless because they have not yet been presented.

Moreover, even claims that are meritorious may be dismissed as time-barred if they were not filed within the one-year statute of limitations. Claims filed after the one-year limitations period has run (including any tolling) may be considered on the merits only "if they have a clear

3

connection to the legal claims in the original petition," or if Petitioner can demonstrate that "extraordinary circumstances warrant equitable tolling." Gibson v. Artus, 407 F. App'x 517, 519 (2d Cir. 2010). "An amendment to a pleading has a clear connection to the original pleading when 'the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out . . . in the original pleading.'" Gibson, 407 F. App'x 517 at 519 (citing Fed. R. Civ. P. 15(c)(1)(B)). For a claim in an original and amended petition to arise out of the same conduct, transaction, or occurrence, it is not enough for the claim to arise out of the same "trial, conviction, or sentence." Mayle v. Felix, 545 U.S. 644, 664 (2005). Instead, the state claims in the two petitions must "be tied to a common core of operative facts." Id.

Without any understanding of (1) the claims Petitioner seeks to pursue or (2) whether they would be time-barred, the Court cannot conclude that the claims are not plainly meritless. Thus, Petitioner's third request to stay this petition is DENIED without prejudice. The Court, however, will grant Petitioner leave to file a Second Amended Petition setting forth all grounds for relief that Petitioner wishes to pursue. Thereafter, Respondent shall have 14 days to advise the Court on whether a stay is appropriate in light of the concerns presented in this order.

Separately, Petitioner requests that the Court reconsider its order denying "special access" to the Green Haven Correctional Facility law library. ECF No. 34. Petitioner indicates that he has experienced difficulty "attending the limited 'Regular Access'" at the library. The Court previously denied a request for "special access" but directed Respondent to confirm that Petitioner is granted regular access. ECF No. 31. Respondent has not complied with that order and is directed to do so by October 13, 2023. The Court notes, however, that prison administrators are granted substantial deference to their professional judgment concerning

institutional operations. See Overton v. Bazzetta, 539 U.S. 126, 132 (2003); Turner v. Safley, 482 U.S. 78, 89 (1987).

## CONCLUSION

Petitioner's request for a stay is DENIED without prejudice. Petitioner may file a Second Amended Petition raising every ground he seeks to pursue (including any unexhausted claims) no later than October 20, 2023. Respondent shall notify the Court within 14 days thereafter of its position with respect to Petitioner's request for a stay and abeyance considering the issues raised in this order.

Respondent is further ORDERED to confirm that Petitioner is granted regular access to the Green Haven Correctional Facility law library and to file a letter with the Court no later than October 13, 2023.

**SO ORDERED.**

SARAH NETBURN
United States Magistrate Judge

DATED:   New York, New York
         October 6, 2023