UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

RAPHAEL JACKSON,

                             Petitioner,                      22-CV-03357 (LGS)(SN)

       -against-                                                 **ORDER**

MICHAEL CAPRA,

                             Respondent.

-----------------------------------------------------------------X

**SARAH NETBURN, United States Magistrate Judge:**

      This case has had an extended history since it was filed on April 20, 2022. Soon after filing, the Court granted its first stay, which was subsequently lifted on May 5, 2023. Petitioner then requested a further stay so that he could move for re-argument before the Appellate Division, which was granted on August 29, 2023. Petitioner then sought a stay to file a writ of error coram nobis. That motion was denied without prejudice on October 6, 2023, but Petitioner was granted leave to file a Second Amended Petition to set forth his claims more clearly. Upon review of that amended petition, the Court denied a further stay. The Respondent was then granted several extensions to answer the Second Amended Petition, and eventually did so on May 23, 2024. Petitioner's reply brief was due on July 1, 2024, but on June 20, he requested an extension of time, which was granted to October 1, 2024. Then, on September 17, 2024, the Petitioner requested another stay in light of Erlinger v. United States.

      On June 21, 2024, the United States Supreme Court issued Erlinger v. United States, 144 S.Ct. 1840 (2024). The Court held that the Fifth and Sixth Amendments to the Constitution require a unanimous jury to determine beyond a reasonable doubt that a defendant's past

offenses were committed on separate occasions for purposes of the Armed Career Criminal Act sentencing enhancement. In this case, Petitioner was convicted by a jury after trial, and the court adjudicated him to be a persistent violent felony offender under New York law for purposes of sentencing. Although it is premature for this Court to render any views on the impact of Erlinger in this case, it appears that New York courts have applied Erlinger to New York's predicate felony sentencing schemes. See People v. Terence Banks, No. 3212/2019, 2024 WL 4128665 (N.Y. Sup. Ct. Sept. 6, 2024); People v. Anthony Lopez, 216 N.Y.S.3d 518 (N.Y. Sup. Ct. 2024).

In light of this, the Court GRANTS the Petitioner a further stay to exhaust any potential claims related to Erlinger. See Rhines v. Weber, 544 U.S. 269, 277 (2005) (finding the stay and abeyance of a habeas petition is appropriate when there is good cause for the petitioner's failure to exhaust his claims first in state court and where the claims are not plainly meritless).

Petitioner is further granted leave pursuant to Federal Rule of Civil Procedure 15(a) to amend the petition to include those additional claims if they are rejected by the state court.

Finally, Petitioner is ordered to file a status letter with the Court within 30 days of a final decision on Petitioner's CPL § 440.10 motion.

**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

DATED:   September 24, 2024
         New York, New York